**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GREGORY KANOWICZ,

      Plaintiff,

    v.

THE UNITED STATES OF
AMERICA,

      Defendant.

No. 4:20-CV-00584

(Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 5, 2020

On April 6, 2020, Plaintiff, Gregory Kanowicz (hereinafter "Kanowicz"),
filed a one-count complaint against Defendant, the United States of America.[1]
Kanowicz's sole claim is based on the Federal Tort Claims Act ("FTCA").[2]

On August 24, 2020, Defendant brought this motion to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.
The motion is now ripe for disposition; for the reasons that follow, it is granted.

## I.    BACKGROUND

Kanowicz was previously employed by the Federal Bureau of Prisons at the
FCI Allenwood facility in Lycoming County, Pennsylvania.[3]  On April 7, 2017, as
he was attempting to report for duty, Kanowicz was verbally and physically

---

[1]   Doc. 1.
[2]   *Id.*
[3]   *Id.* at ¶ 4.

assaulted by a fellow employee.[4]  Kanowicz was seriously injured; he suffered

"permanent neurological damage, broken bones, impaired vision, concussion, pain,

suffering, emotional distress and other injuries."[5]  He also incurred medical

expenses and lost wages.[6]

Following this assault, Kanowicz filed a claim with the Department of Labor

pursuant to the Federal Employees Compensation Act ("FECA").[7]  In a June 19,

2019 letter, the Department of Labor accepted his claim for "post-traumatic stress

disorder, left optic nerve atrophy, zygomatic fracture, maxillary fracture, traumatic

brain injury, bells' palsy, and diplopia" as a result of the April 2017 incident.[8]  The

letter did not explicitly state whether the injuries covered by FECA included

emotional distress.[9]  However, the letter did acknowledge that it was covering

Kanowicz's claim for "post-traumatic stress disorder, unspecified."[10]

As of July 20, 2020, the Department of Labor has paid Kanowicz a total of

$64,548.83 in temporary total disability compensation.[11]  The Department has also

paid $41,219.31 to Kanowicz in medical bills.[12]

---

[4]   *Id.* at ¶¶ 5-15.
[5]   *Id.* at ¶ 18.
[6]   *Id.* at ¶ 19.
[7]   Doc. 8 at 3 (citing 5 U.S.C. §§ 8101 *et seq.*).
[8]   *Id.*
[9]   Doc. 8-1 at 15.
[10]  *Id.* at 15-17.
[11]  *Id.* at 2, ¶ 5.
[12]  *Id.* at 2, ¶ 6.

Kanowicz filed his complaint on April 6, 2020 under the FTCA.[13]  He seeks

"compensatory damages, punitive damages, counsel fees, costs and interest."[14]

Defendant then brought this motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1).[15]

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks

the Court's subject matter jurisdiction over the case before it.  "At issue . . . is the

court's 'very power to hear the case.'"[16]  An evaluation under 12(b)(1) "may occur

at any stage of the proceedings, from the time the answer has been served until

after the trial has been completed."[17]  Ultimately, "the person asserting jurisdiction

bears the burden of showing that the case is properly before the court at all stages

of the litigation."[18]

## III.  DISCUSSION

Defendant asserts that this Court lacks jurisdiction because FECA provides

the exclusive remedy for Kanowicz's injuries.  Kanowicz concedes that

jurisdiction is lacking as to any claims for physical injuries; but he contends that

---

[13]  Doc. 1.
[14]  *Id.* at 3.
[15]  Doc. 7.
[16]  *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).
[17]  *Mortensen*, 549 F.2d 884 at 891-92.
[18]  *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (1993), *cert. denied*, 510 U.S. 964 (1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

the Court has jurisdiction over his emotional distress claim.  Further, Kanowicz asks this Court to either deny Defendant's motion to dismiss, or abstain from reaching the question before the Department of Labor has an opportunity to determine whether emotional distress claims are covered by FECA.  The Court agrees with Defendant that subject-matter jurisdiction is lacking.  Accordingly, Defendant's motion to dismiss is granted.

FECA "provides an exclusive and comprehensive compensation scheme to federal employees for injuries that are 'sustained while in the performance of [their] duty.'"[19]  "It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity."[20]  FECA represents the "quid quo pro" "commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."[21]

To this end, FECA is the exclusive remedy for injuries or death suffered by a federal employee while acting in the scope of their employment.[22]  Consequently, if injuries are found to be covered by FECA, then "the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not

---

[19]  *Horton v. United States*, 144 Fed. Appx. 931, 932 (3d Cir. 2005) (quoting 5 U.S.C. § 8102(a)).
[20]  *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).
[21]  *Id.* at 194.
[22]  *Weyerhaeuser S.S. Co. v. United States*, 372 U.S. 597, 599 (1963) (quoting 5 U.S.C. § 757(b)).

otherwise waived its sovereign immunity to suit."[23]  The Secretary of Labor has full discretion to determine whether particular injuries are covered by FECA.[24] Such decisions are "absolutely immune from judicial review, whether or not a particular determination is grounded in logic or precedent."[25]

These decisions are binding, "regardless of whether compensation is actually awarded."[26]  Thus, if a party submits injuries to the Secretary to determine FECA coverage, that party will be bound even if the Secretary determines that FECA applies but that compensation is not warranted.[27]

In light of the evidence submitted by Defendant, Kanowicz's claim is clearly barred by the Secretary's previous determination awarding him compensation for his injuries.  Though Kanowicz argues that the Secretary did not determine whether his emotional distress claims were covered by FECA, the Secretary essentially did when it agreed to cover his post-traumatic stress disorder. Moreover, Kanowicz actually received compensation; he has been awarded over $100,000 to cover the costs of his injuries.  And because the Secretary has already concluded that Kanowicz's emotional distress injuries are covered, this Court is powerless to hear Kanowicz's claim under the FTCA.

---

[23]  *Heilman v. United States*, 731 F.2d 1104, 1109-10 (3d Cir. 1984) (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973)).
[24]  *Id.* at 1109.
[25]  *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir. 1982) (internal citations omitted).
[26]  *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992).
[27]  *See id.*; *Spinelli v. Goss*, 446 F.3d 159, 160 (D.C. Cir. 2006).

Defendant's motion to dismiss pursuant to Rule 12(b)(1) is therefore granted.

## IV.    CONCLUSION

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge